**Rosella GEORGE, Plaintiff,**

v.

**HILLMAN TRANSPORTATION COMPANY, Defendant.**

**Civ. A. No. 70–394.**

United States District Court,
W. D. Pennsylvania.

May 18, 1970.

**1116**

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

In this civil proceeding, in which a jury trial has been demanded, the Complaint alleges causes of action under the Jones Act for negligence and for negligent failure to provide maintenance and cure in the past, for unseaworthiness and for future maintenance and cure. The immediate matter before the Court is defendant's Motion to Dismiss, founded upon defenses of the three-year statute of limitations applicable to the Jones Act causes of action, the doctrine of laches applicable to the cause of action for future maintenance and cure, and upon an alleged defense that defendant had received no notice of a claim for maintenance and cure from the plaintiff prior to the filing of this suit. The Court has conducted a hearing upon the Motion, considered the briefs of counsel, and received in evidence and incorporated into the record herein, at the request of defendant, a deposition taken of the plaintiff by defendant on December 29, 1969 at Civil Action No. 69–1225.

Since the Court has received matters outside of the complaint in order to resolve the Motion, the Motion should properly be treated as one for summary judgment pursuant to the dictates of Rule 12(b) of the Federal Rules of Civil Procedure. However, an examination of the Complaint and the deposition indicate that the material facts relating to each of the defenses asserted in the Mo-

tion to Dismiss are in controversy. With respect to the defense of the three-year statute of limitations, neither the Complaint nor the plaintiff's deposition indicate with the clarity necessary to enter summary judgment that plaintiff knew prior to August of 1969 that she had a disability causally related to events occurring in 1963. It, therefore, cannot be found with certainty on the present state of the record that plaintiff's Jones Act causes of action accrued at any time prior to August of 1969, when the condition in her legs was diagnosed as phlebitis.

■ With respect to the defense of laches, it does appear that defendant has sustained a prejudice by virtue of the seven year delay in filing suit, particularly when it is realized that defendant ceased its operations on the inland waterways on March 31, 1965. However, in order to establish the defense of laches, it also must be shown that plaintiff's delay in bringing suit was inexcusable. On the present state of the record, it cannot be said with certainty that plaintiff had adequate knowledge of a debilitating condition prior to the diagnosis made in August of 1969 and, accordingly, it cannot presently be said that plaintiff's delay in filing suit was inexcusable.

■ With respect to the defense asserted that plaintiff failed to make a formal claim for maintenance and cure at any time during the period subsequent to the alleged occurrences and prior to the date of filing suit, the record presents a factual dispute as to whether defendant knew or had reason to know that plaintiff required maintenance and cure when she returned to work for defendant following her leave of absence from work from September of 1963 to October of 1964.

Concededly, plaintiff's deposition presents certain facts inconsistent with the allegations of the Complaint. Nevertheless, the Complaint, standing alone, is legally sufficient. Any apparent factual inconsistency must be resolved by the jury, as triers of fact. To the extent that the deposition may be found to be inconsistent with the allegations of the Complaint, defendant will have an ample opportunity to utilize the deposition for impeachment purposes at trial.

An appropriate Order is entered.

### ORDER

Now, this 18 day of May, 1970, it is hereby ordered that the Motion to Dismiss filed by defendant be treated as a Motion for Summary Judgment, and the same is hereby denied.